## MANHATTAN STAMPING WORKS, APPELLANT, *v.* HERMANN KOEHLER, RESPONDENT.

*Damages — measure of — when profits cannot be recovered — when proof of matters, not stated in the complaint, will not be received.*

The complaint in this action alleged a letting by the defendant to the plaintiff for the term of one year from May 1, 1885, at a yearly rent of $6,000, of certain premises in the city of New York, together with all the steam power the plaintiff needed in its business during that term, and that the defendant knew the nature of the plaintiff's business and that such steam power was necessary for the prosecution and conduct thereof; that the plaintiff occupied the said premises under said agreement from May 1, 1885, until July 16, 1885, and fully complied with the terms of the agreement, but that the defendant failed to comply with the agreement on his part by failing to furnish the necessary amount of steam power as he had agreed to do, whereby the plaintiff was prevented from keeping its workmen employed, material was spoiled and shafting and belting damaged, and profits lost, to the plaintiff's damages $2,000.

Upon the trial evidence offered by the plaintiff to establish the allegations of the complaint as to the damages sustained, and also to prove the rental value of the machinery during the time of the alleged breach, was, upon the objection of the defendant, excluded.

*Held,* that the court did not err in so doing.

That the damages arising from the destruction of material, because of the unevenness of the power, could not be recovered, as if such was a necessary result of the use of the power as furnished, the plaintiff was at fault in attempting to use the power and thus put at hazard his material.

That the profits which might have resulted from the continuation of the plaintiff's business were too remote to admit of a recovery.

*Griffin* v. *Colver* (16 N. Y., 489); *Cassidy* v. *Le Fevre* (45 id., 562) followed.

That the evidence tending to show what was the ordinary rent or hire of the machinery was properly rejected, as no claim for damages upon this ground was contained in the complaint.

APPEAL from a judgment in favor of the defendant, entered upon a dismissal of the complaint directed at the circuit.

The plaintiff's complaint alleged a letting by the defendant to the plaintiff for the term of one year from May 1, 1885, at a yearly rent of $6,000, of certain premises on First avenue in the city of New York, together with all steam-power the plaintiff needed in its business during the said term, and that the defendant knew the nature of the plaintiff's business, and that such steam-power was necessary for the prosecution and conduct thereof. That the plaintiff occupied said premises under said agreement from May 1, 1885, until July 16, 1885, and fully complied with the terms of its agreement, but that the defendant had failed to comply with the agreement on his part by failing to furnish the necessary amount of steam-power as he had agreed to do, whereby plaintiff was prevented from keeping its workmen employed, material was spoiled and shafting and belting damaged, and profits lost, to plaintiff's damage $2,000.

The answer denied the letting to the corporation and sets up an agreement of letting with one Scheider, and alleged compliance with said agreement, except so far as it had been modified by a subsequent agreement entered into with said Scheider.

Upon the trial the plaintiff offered evidence tending to establish the allegations of the complaint, and also offered to prove what the rental value of the machinery was during the time of the alleged breach of the contract as to power, which evidence was excluded upon the objection of the defendant, to which ruling plaintiff duly excepted. Upon the conclusion of the plaintiff's evidence, the plaintiff's complaint was dismissed, from which ruling an exception was duly taken and from the judgment thereupon entered this appeal was taken.

*Maurice Rapp*, for the appellant.

*Hathaway & Montgomery*, for the respondent.

VAN BRUNT, P. J. :

The difficulty with the plaintiff's case seems to have been that the complaint was framed upon an entirely erroneous theory as to the measure of damages. The damages arising from the destruction of

material because of the unevenness of the power could not be recovered, as if such was a necessary result of the use of the power as furnished, the plaintiff was at fault in attempting to use the power and thus put at hazard his material which must necessarily be destroyed because of the quality of the power furnished. The plaintiff could not make damages by the use of an article furnished, which it knew to be entirely unsuited to the uses to which it was to be applied.

The rule of damages laid down in the case of *Griffin* v. *Colver* (16 N. Y., 489), is that the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained, and the rule is subject to two conditions. The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract; they must be such as might naturally be expected to follow its violation, and they must be certain both in their nature and in respect to the cause from which they proceed.

In the case cited there had been a failure to deliver on a certain day a steam engine built and purchased for the purpose of driving a planing mill, and it was held that the estimated profits from the use of the machinery could not be recovered as being too uncertain, but that the ordinary rent or hire which could have been obtained for the use of the machinery, whose operation was suspended for want of the steam engine, might be recovered as damages.

The case of *Cassidy* v. *Le Fevre* (45 N. Y., 562) affirms the same doctrine and calls attention to the distinction between the facts in the case cited of *Messmore* v. *New York Shot and Lead Company* (40 N. Y., 422), in which case profits upon a contract were allowed to be recovered because the vendor knew at the time he made his contract that the purchaser had a contract with another party for the identical goods contracted for, and that he was making the contract with the vendor for the fulfillment of this contract. Therefore in the case at bar the profits which might have resulted from the continuation of the plaintiff's business were too remote to admit of a recovery. The facts sought to be proved as to the allegation that the workman did less work are of an equally uncertain character conjective, and must be included in the damages

recoverable as laid down in the cases cited. The claim for repairs which the plaintiff was required to make to its machinery seems to be governed by the same rule as has been applied to loss of material. If the power furnished was unfit for the use of the plaintiff's machinery, the plaintiff knew it and the plaintiff had no right to make damages by its attempted use.

It is true that questions were attempted to be put tending to show what the ordinary rent or hire was of the machinery during the time of this deficiency of power, which were excluded, which ruling would have been error had there been any allegation in the complaint basing any claim for damages upon this ground. But the complaint made no claim for damage upon this ground. No such issue was presented and consequently the evidence offered was not relevant to any issue presented by the pleadings.

No error seems, therefore, to have been committed upon the trial, and the judgment should be affirmed, with costs.

DANIELS and BARTLETT, JJ., concurred.

Judgment affirmed, with costs.